# CURRENT OHIO COURT of APPEALS CASES
## Weekly Advance Abstract Opinions

---

### EPITOMIZED OPINIONS
### Published only in the Abstract

---

No. 978

MARYLAND CAS. CO. v. McDIARMID

Ohio Appeals, 2nd Dist., Montgomery Co.

No. 729. Decided June 29, 1926

**1106. STATUTE OF LIMITATIONS —** Where an action is instituted against the surety on the official bond of a policeman, the ten years statute of limitations applies, notwithstanding that an action against the policeman for assault and battery would be barred in one year.

BY THE COURT.

This action was brought originally by Daniel McDiarmid against the Maryland Casualty Co. in the Montgomery Common Pleas upon an official bond given by it to the City of Dayton for various policemen of said city.

The bond assigned $600 to operate as security for Patrick Roach, a policeman, who, it was alleged, unlawfully assaulted McDiarmid while he was returning home from work at 4:30 A. M. The jury returned a verdict of $600 in favor of McDiarmid; and the Company prosecuted error to the Court of Appeals which held:

1. The liability of the Company is established by the case of Guaranty Co. v. McNeice, 111 OS. 532 which holds that "the sureties on a bond of an official, conditioned upon the faithful performance of his duties, are liable to all persons unlawfully injured by the nonfeasance, misfeasance, or malfeasance perpetrated by such officer, either by virtue of his office or under color of his office."

2. The question as to whether McDiarmid assaulted Roach, or whether Roach assaulted McDiarmid was submitted to the jury; and the verdict in favor of McDiarmid is not contrary to the manifest weight of the evidence.

3. The company contends that since the action was commenced by McDiarmid more than a year after the alleged assault, the statute of limitations would bar the action against the principal, Roach; and therefore, must necessarily be barred against the surety on his official bond. A case in 2 OS. 147 is cited to support this contention.

4. The statute has been amended since the decision in 2 OS. 147 so as to fix a special liability upon official bonds at ten years.

5. The action in this case being upon the official bond and not upon the assault itself, the ten year statute would govern.

Judgment affirmed.

Attorneys—McMahon, Corwin, Landis & Markham for Company; Joseph W. Sharts for McDiarmid; all of Dayton.

---

No. 979

IND. COMM. v. EMERY

Ohio Appeals, 1st Dist., Hamilton Co.

No. 2784. Decided April 12, 1926

**1283. WORKMEN'S COMPENSATION —** Court has no right to fix amount of compensation, that being the privilege of the jury.

PER CURIAM.

A jury in the Hamilton Common Pleas found the issues in favor of Viola Emery against the Industrial Commission but in rendering the verdict did not assess the amount due Emery from the commission.

The court accepted the verdict and rendered judgment thereon and decreed the amount based on the decedent's weekly earnings, minor children and upon her dependency.

The Commission prosecuted error to the judgment, challenging the court's right to make the finding for the award as it did.

The Court of Appeals held:

1. In a similar case where the court instructed the jury to leave out the amount of the award, saying that it would make the award, it was reversed by this Court of Appeals.

2. Section 1469-90 GC. provides that if "a jury is demanded it shall determine the right of the claimant; and if found in his favor, shall fix his compensation. . . . ."

3. The court in assuming the power to fix the compensation, and depriving the jury of that prerogative committed reversible error.

Judgment reversed and cause remanded.

(Buchwalter, PJ., Hamilton and Cushing, JJ., concur.)

Attorneys—Charles S. Bell, Pros. Atty. and Sylvester Hickey, Asst. Pros. Atty. for Commission; Arthur C. Fricke and Thomas L. Michie for Emery; all of Cincinnati.